U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 2 7 2008

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **PATRICK BROWN** | **CIVIL ACTION NO. 04-0904-A** |
| -vs- | **JUDGE DRELL** |
| **LEROY HOLIDAY, et al.** | **MAGISTRATE JUDGE KIRK** |

### RULING

Before the Court is "Plaintiff's Motion to Vacate Order of Dismissal Entered March 4, 2008, Motion to Reset the Trial Date, Motion for Extension of Time to Effect Service and Motion for an Expedited Telephone Status Conference." (Document No. 75.) Briefing has been concluded, and the Court finds no need for oral argument. For the reasons set forth herein, the requests will be DENIED.

A cursory review of the record in this matter shows the Court has bent over backwards to accommodate Mr. Brown during the four years this suit has been pending: Plaintiff was given additional time to submit filings (Document No. 15); he received assistance with discovery (Order dated 2/7/06); the pretrial conference was continued (Document No. 49); an arguably well-supported Motion to Dismiss was denied and the Clerk of Court was ordered to send extra copies of all filings to Plaintiff through multiple addresses (Document No. 55); and, despite Plaintiff's failure to submit pretrial inserts as required, the Court allowed him to participate in the pretrial conference by telephone (once Mr. Brown was finally located), gave him additional time to comply with the Court's orders, and

notified him repeatedly that he would not be given any further extensions (Document No. 54). The Court reiterated its position regarding the fixed nature of the trial setting in another Order dated January 24, 2008 (Document No. 58).

Now, rather than making even the slightest attempt to comply with the Court's orders, Plaintiff, who is represented by three attorneys, has submitted still more requests to be exempted from the requirements that accompany the efficient and effective operations of this Court. Remarkably, counsel blames the failure to file pretrial stipulations on the fact that one of the three attorneys was in a jury trial. No explanation is given for the inaction of the other two attorneys.

As the Court has noted before, Plaintiff, when he was representing himself, was quite capable of seeking relief from the Court when he needed it. Now he has able counsel with adequate notice of the generous deadlines in this case. Under the circumstances, the Court sees no need to withdraw its prior decision or grant any of the requested additional relief.

Accordingly, "Plaintiff's Motion to Vacate Order of Dismissal Entered March 4, 2008, Motion to Reset the Trial Date, Motion for Extension of Time to Effect Service and Motion for an Expedited Telephone Status Conference" (Document No. 75) will be DENIED.

SIGNED on this 27 day of March, 2008, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

2